The CENTURY INDEMNITY CO., Plaintiff-Appellant,

v.

The DAVIDSON TRANSFER & STORAGE CO., Defendant-Appellee.

Martha KAGAN, Administratrix of the Estate of Ben Kagan, deceased, Plaintiff-Appellant,

v.

The DAVIDSON TRANSFER & STORAGE CO., Defendant-Appellee.

Nos. 72, 73, Dockets 25010, 25128.

United States Court of Appeals
Second Circuit.

Submitted Nov. 12, 1958.

Decided Dec. 3, 1958.

M. Hiram Kagan, Brooklyn, N. Y. (Benedict S. Rosenfeld, Canton, N. Y., on the brief), for plaintiffs-appellants.

Alexander, Ash & Schwartz, New York City (Sidney A. Schwartz and Joseph Arthur Cohen, New York City, on the brief), for defendant-appellee.

Before HINCKS, LUMBARD and MOORE, Circuit Judges.

LUMBARD, Circuit Judge.

The principal question presented is whether it was error for the trial judge to preclude the plaintiff from introducing in evidence at the trial of this death action a prior contradictory statement of one of plaintiff's principal witnesses concerning the fatal accident. If it was error to exclude the statement, was the error so substantial as to require reversal? We answer these two questions by holding that it was error to exclude the statement, but we find that on the facts of this case the error was not so prejudicial as to require reversal. Rule 61, Federal Rules of Civil Procedure, 28 U.S.C.A. Accordingly in the suit brought by Martha Kagan, as administratrix, we affirm the judgment for the defendant and, for reasons stated below, in the suit brought by Century Indemnity we dismiss the appeal.

According to the version of the accident most favorable to the plaintiff, on December 8, 1949 Ben Kagan was driving north at 35 miles an hour on the left northerly lane of Route 25 near Newark, New Jersey, where the route consists of four lanes with a center dividing strip separating the opposing lanes of traffic. The road was covered with snow and was slippery. When the car just a few feet ahead applied its brakes Kagan also applied his brakes and his car skidded against the right curb of the right lane, then went sideways toward the left over the concrete divider and across the two southbound lanes where it struck the curb and stopped. Four or five seconds later the car was struck by defendant's truck, and although Kagan's two companions were pulled out in time, he perished in the flames which immediately engulfed the car. The defendant claims, however, that Kagan's car actually crashed into the tractor-trailer which its driver had succeeded in bringing to a stop just prior to the collision.

Central to the resolution of these conflicting versions of the accident is the

testimony of Harry E. Heydt. Just before the accident defendant's truck had passed a truck of the Interstate Dress Co. driven by Heydt. Then, after Kagan's car and defendant's truck collided, Heydt's truck ran into the defendant's truck. Obviously Heydt's testimony was of some importance, especially as he was the only witness in no way connected with either party.

The plaintiff called Heydt at the trial which took place almost eight years later in October 1957. At the trial Heydt testified that the death car careened into the truck. He was shown a statement signed by him on January 5, 1950, just four weeks after the accident. After reading the statement Heydt said that it did not change his testimony and when the plaintiff offered it in evidence "in the interest of justice" the judge excluded it.

■ Heydt's statement asserted that the death car "was struck in the rear by this truck" but it also related that the defendant's truck "had no chance to avoid this collision, as the car came skidding into it." Although the statement as a whole supports Heydt's testimony far more than it contradicts it, it does contain some statements, principally that referred to just above, seemingly at variance with Heydt's testimony.

It was error therefore to exclude Heydt's statement. The New York rule, which is relevant here by reason of Rule 43, Federal Rules of Civil Procedure,[1] is set forth in § 343–a of the Civil Practice Act, which reads:

"Impeachment of witness. In addition to impeachment in the manner now permitted by law, any party may introduce proof that a witness has made a prior statement inconsistent with his testimony, irrespective of the fact that the party has called the witness or made the witness his own, provided that such prior inconsistent statement was made in any writing by him subscribed or was made under oath."

Ordinarily this error would seem so substantial as to require reversal, especially in view of the fact that Heydt's statement was taken four weeks after the accident, whereas his testimony was given almost eight years after the event. But a review of the record leads us to the conclusion that on the facts of this case the error was harmless and does not require reversal. Rule 61, Federal Rules of Civil Procedure. The tenor of both the statement and Heydt's testimony was the same—namely, that the accident was unavoidable. With Kagan's car skidding out of control across the divider and clear across the other two lanes without warning and directly in front of southbound traffic, very little could possibly turn on whether Kagan's car hit the defendant's truck or whether the truck, unable to stop in time, ran into the death car, in view of Heydt's testimony that the truck had no chance to avoid the collision. Indeed Heydt himself was back of the defendant's truck and going slower and, although he saw all that happened, he too was unable to stop in time to avoid colliding with defendant's truck. We conclude that the possibility that the jury might have decided otherwise had the prior statement been made available to them is so remote that it furnishes no sound basis for reversing the judgment based upon the jury verdict for the defendant and ordering a new trial.

■ Appellant also complains that the judge declined to charge that decedent's "skidding on an icy pavement, in and of itself, is not negligence." This was not error as the jury was charged that in de-

1. Rule 43(a): " * * * All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made. * * * "

termining whether the decedent had acted as a reasonably prudent person they should consider all the circumstances including "the type of pavement he was on."

The judgment in the Kagan suit is affirmed.

As the Century Indemnity Co. appeal in its suit against the same defendant arising out of the same events concededly requires consideration only in the event of our failing to affirm the judgment in the Kagan case,[2] we dismiss the appeal in that case.

**2.** The Century Indemnity Co., as compensation carrier of decedent's employer, brought suit against the defendant-appellee claiming that under § 29(2) of the New York Workmen's Compensation Law, McKinney's Consol.Laws, c. 67 the cause of action for Kagan's wrongful death vested in it because of the failure of Martha Kagan, as administratrix, to bring an action within the time limited after a Workmen's Compensation Board award to Kagan's dependents. Judge Kennedy granted the defendant's motion for summary judgment dismissing the complaint on the ground that Century had no capacity to sue. Judge Kennedy had previously stricken the defendant's second affirmative defense in the Kagan action for the reason that Martha Kagan, and not Century, had the capacity to sue. The Century suit was precautionary in view of the defendant's claim that Martha Kagan did not have the capacity to sue, so that, if the defendant's position were sustained the cause of action would not be lost.